1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

5

6

7

8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff, | ) | Case No.: 2:16-cr-00048-GMN-PAL-1 |
| vs. | ) | |
| | ) | **ORDER** |
| OMAR IVORY HOLDEN, | ) | |
| | ) | |
| Petitioner/Defendant. | ) | |
| | ) | |

9

10    Pending before the Court is Petitioner Omar Ivory Holden ("Petitioner's") Motion to

11  Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("2255 Motion"), (ECF No.

12  72).  The Government filed a Response, (ECF No. 76).  Petitioner did not file a reply.  For the

13  reasons discussed below, the Court **DENIES** Petitioner's Motion.

14  **I.      BACKGROUND**

15    On June 20, 2016, Petitioner pleaded guilty to Count One of the Indictment: Felon in

16  Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Mins.

17  Proceedings, ECF No. 32); (Plea Agreement 2:3–5, ECF No. 33).  The Court sentenced

18  Petitioner to 108 months-custody, concurrent to the sentence in Petitioner's state court case. (J.,

19  ECF No. 51).

20    In June 2019, the Supreme Court issued its decision in *Rehaif v. United States*, which

21  overruled longstanding Ninth Circuit precedent regarding the *mens rea* element under 18

22  U.S.C. §§ 922(g) and 924(a)(2). *See Rehaif*, 139 S.Ct. 2191, 2200 (2019).  Now, in a

23  prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), not only must the Government prove that

24  "the defendant knew that he possessed a firearm, [but also] that he knew he belonged to the

25  relevant category of persons barred from possessing a firearm." *Id*.

Page 1 of 13

1    On June 15, 2020, Petitioner filed this instant Motion, challenging the validity of his

2    sentence in light of *Rehaif*. (*See* 2255 Mot., ECF No. 72).  Specifically, Petitioner requests the

3    Court vacate his conviction and dismiss his indictment. (*Id*. 3:20–22).

4    **II.    LEGAL STANDARD**

5        Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the sentencing Court

6    to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a).  Such a motion may be

7    brought on the following grounds: "(1) the sentence was imposed in violation of the

8    Constitution or laws of the United States; (2) the court was without jurisdiction to impose the

9    sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence

10   is otherwise subject to collateral attack." *Id*.; *see United States v. Berry*, 624 F.3d 1031, 1038

11   (9th Cir. 2010).  "[A] district court may deny a Section 2255 motion without an evidentiary

12   hearing only if the movant's allegations, viewed against the record, either do not state a claim

13   for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."

14   *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

15   **III.    DISCUSSION**

16       In his Motion, Petitioner asserts that he is entitled to relief because *Rehaif* rendered

17   Petitioner's indictment fatally defective and thereby, deprived this Court of its jurisdiction over

18   the case. (2255 Mot. 11:14–12:23).  Petitioner additionally asserts that the defective indictment

19   violated Petitioner's Fifth Amendment, Sixth Amendment, and due process rights. (*Id*. 12:24–

20   19:2).  Because these violations are structural errors, Petitioner asserts that he need not show

21   prejudice. (*Id*.).  In its Response, the Government argues that Petitioner waived his claims as a

22   procedural matter because Petitioner failed to raise the claims on direct appeal and otherwise

23   fails to demonstrate both cause and actual prejudice to excuse his failure to directly appeal. (*See*

24   Resp. 2255 Mot. 6:7–17:5, ECF No. 76).  In addition, the Government asserts that the alleged

25

constitutional violations are not structural errors that excuse Petitioner from demonstrating

prejudice. (*Id*. 17:6–20:2). The Court first addresses the timeliness of Petitioner's motion.[1]

**A. Timeliness**

Arguing that *Rehaif* applies retroactively, Petitioner first asserts that he timely filed his

motion given that the one-year statute of limitations for habeas relief runs from the date on

which the Supreme Court decided *Rehaif*. (2255 Mot. 8:1–5). Under 28 U.S.C. § 2255, a "one-

year period of limitation" runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on
> which the impediment to making a motion created by governmental action in
> violation of the Constitution or laws of the United States is removed, if the movant
> was prevented from making a motion by such governmental action; (3) the date on
> which the right asserted was initially recognized by the Supreme Court, if that right
> has been newly recognized by the Supreme Court and made retroactively applicable
> to cases on collateral review; or (4) the date on which the facts supporting the claim
> or claims presented could have been discovered through the exercise of due
> diligence.

*See* 28 U.S.C. § 2255. Here, the Supreme Court decided *Rehaif* on June 21, 2019. *See Rehaif*,

139 S.Ct. 2191 (2019). Petitioner, therefore, had until June 20, 2020 to file for relief under 28

U.S.C. § 2255. *See also United States v. Deonte Marquis Strouble*, No. 2:16-CR-00233-RCJ-

NJK, 2020 U.S. Dist. LEXIS 139214, at *2 n.2 (D. Nev. Aug. 5, 2020); *United States v.*

*Abundis*, No. 2:18-cr-00158-MMD-VCF-1, 2020 U.S. Dist. LEXIS 224396, at *5 (D. Nev.

Nov. 30, 2020). Petitioner, therefore, timely filed his 2255 Motion on June 15, 2020. (*See* 2255

---

[1] Petitioner also argues that the Government must prove: (1) that the defendant knew he was convicted of a crime punishable by more than a year in prison at the time defendant possessed the firearm; and (2) that the defendant knew he was barred from possessing a firearm at the time of the alleged firearm possession. (2255 Mot. 5:13–7:10). The Government, in response, argues that *Rehaif* only requires that Petitioner knew his felony status, not whether Petitioner knew that his felony prohibited from possessing a firearm. (Resp. 2255 Mot. 20:12–21:8). The Ninth Circuit in *United States v. Singh* held that the Government must only prove that the defendant knew, at the time he possessed the firearm, that he belonged to one of the prohibited status groups enumerated in § 922(g). *Singh*, 979 F.3d 697, 727 (9th Cir. 2020). *Rehaif*, however, did not require the Government to also prove that "the defendant knew his or her status prohibited firearm ownership or possession." *Id*.

1    Mot., ECF No. 72).  Notably, the Government does not dispute the timeliness of Petitioner's

2    motion.  The Court accordingly finds that Petitioner's 2255 Motion is timely.[2]

3        **B.  Subject Matter Jurisdiction**

4        Petitioner argues that the defect in the indictment—the missing knowledge-of-status

5    element decided in *Rehaif*—deprives the Court of its jurisdiction over Petitioner's case. (2255

6    Mot. 9:23–17:9).  The Government asserts that the Supreme Court and the Ninth Circuit have

7    repeatedly rejected Petitioner's argument, finding jurisdiction even though an indictment omits

8    a key element of the charged offense. (Resp. 2255 Mot. 7:14–17).

9        The Supreme Court in *United States v. Cotton* squarely held that "defects in an

10   indictment do not deprive a court of its power to adjudicate a case." *Cotton*, 535 U.S. 625, 630

11   (2002).  Applying this rule specifically to 2255 motions in light of *Rehaif*, the Ninth Circuit in

12   *United States v. Jackson* found that an "indictment's omission of the element that defendant

13   'knew he belonged to the relevant category of persons barred from possessing a firearm' in

14   violation of 18 U.S.C. § 922(g)(1), [does] not deprive the district court of jurisdiction." *United*

15   *States v. Jackson*, 838 F. App'x 262, 264 (9th Cir. 2020).  The defects in Petitioner's

16   indictment do not, therefore, divest this Court of jurisdiction over Petitioner's case. *See also*

17   *United States v. Hobbs*, 953 F.3d 853, 856 (6th Cir. 2020); *United States v. Moore*, 954 F.3d

18   1322, 1332 (11th Cir. 2020); *United States v. Balde*, 943 F.3d 73, 92 (2d Cir. 2019); *United*

19   *States v. Dillard*, No. 2:09-CR-00057-JAD-GWF, 2020 WL 2199614, at *4 (D. Nev. May 6,

20

21

22

---

23   [2] The Ninth Circuit has not yet ruled on the retroactivity of *Rehaif*.  Given that the Government also does not
     dispute Petitioner's argument that *Rehaif* applies retroactively, the Court assumes without deciding that *Rehaif*
24   applies retroactively to Petitioner's 2255 claims. *See also United States v. Bueno*, No. 2:17-CR-00406-RCJ-
     GWF, 2020 U.S. Dist. LEXIS 139215, at *2 n.2 (D. Nev. Aug. 5, 2020) (noting that courts are divided on
25   whether *Rehaif* applies retroactively, but nevertheless assumes that *Rehaif* applies retroactively for the purposes
     of deciding the petitioner's 2255 motion); *United States v. Abundis*, No. 2:18-cr-00158-MMD-VCF-1, 2020 U.S.
     Dist. LEXIS 224396, at *6 (D. Nev. Nov. 30, 2020).

1   2020).  Given that the defect is not a jurisdictional issue, the Court finds that it has jurisdiction

2   over Petitioner's case.[3]

3        **C. Procedural Default**

4        The Government asserts that Petitioner's claims are procedurally barred given that

5   Petitioner failed to raise his claims on direct appeal prior to filing the instant 2255 Motion.

6   (Resp. 2255 Mot. 6:8–10).  Furthermore, because Petitioner is unable to demonstrate both cause

7   and prejudice, the Government contends Petitioner is unable to excuse the procedural default.

8   (*Id.* 6:10–12).

9        When a petitioner fails to raise a legal argument on direct appeal, the "procedural

10   default" rule bars collateral review under 28 U.S.C. § 2255. *See Massaro v. United States*, 538

11   U.S. 500, 504 (2003).  The two noted exceptions to this rule are when a petitioner can show

12   both cause and prejudice, or "actual innocence." *Id.*; *United States v. Ratigan*, 351 F.3d 957,

13   962 (9th Cir. 2003).  If the petitioner cannot demonstrate cause and prejudice, he must prove

14   "actual innocence," meaning "that it is more likely than not that no reasonable juror would have

15   found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995);

16   *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) ("A petitioner is actually

17   innocent when he was convicted for conduct not prohibited by law.").[4]

18   //

19   _____

20   [3] Petitioner additionally relies on an Eleventh Circuit case, *United States v. Izurieta*, which held that there was no subject matter jurisdiction because the entire indictment did not adequately set forth a violation of criminal law.

21   *Izurieta*, 710 F.3d 1176 (11th Cir. 2013).  As other courts in this district have held, the Eleventh Circuit in *United States v. Brown* later distinguished *Izurieta*, finding that the district court's jurisdiction does "not vanish

22   simply because the indictment omit[s] one element of the charged offense." *Brown*, 752 F.3d 1344, 1353 (11th Cir. 2014); *see also United States v. Smith*, No. 3:16-CR-00008-RCJ, 2021 U.S. Dist. LEXIS 34022, at *7 (D.

23   Nev. Feb. 24, 2021).  Indeed, "[t]he omission of an element may render the indictment insufficient, but it does not strip the district court of jurisdiction over the case." *Id.* (citations omitted).  The Court accordingly finds that

24   it has jurisdiction over this case.

25   [4] Petitioner did not challenge on direct appeal the indictment's failure to allege that he knew that he had been convicted of a crime punishable by a term of imprisonment exceeding one year. *See* Brief for Petitioner-Appellant, Holden v. United States, No.17-10135 (9th Cir. July 27, 2017).

i.    Cause

The Government first argues that Petitioner cannot demonstrate cause to excuse his failure to raise his present argument during prosecution or on appeal. (Resp. 2255 Mot. 6:14–7:7).  As the Government acknowledges, several courts in this district have found that *Rehaif* constitutes a novel issue such that Petitioner can demonstrate cause for failure to raise the claim. *See United States v. Williams*, No. 3:16-CR-00086-MMD-WGC-1, 2020 WL 7059582 (D. Nev. Dec. 2, 2020); *United States v. Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1, 2020 WL 7029892 (D. Nev. Nov. 30, 2020); *United States v. Davis*, No. 2:18-CR-33 JCM-VCF, 2020 WL 5517653, at *3 (D. Nev. Sept. 14, 2020); *United States v. Vazquez-Flores*, No. 2:15-CR-00239-GMN-VCF-1, 2020 WL 7687835, at *1 (D. Nev. Dec. 23, 2020).  Indeed, the Supreme Court in *Rehaif* effectively overturned a "near-unanimous body of lower court authority" regarding the knowledge requirement under 18 U.S.C. § 922(g). *Reed v. Ross*, 468 U.S. 1, 16 (1984) (finding that a defendant can demonstrate cause "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel").  Prior to the Supreme Court's holding in *Rehaif*, the Ninth Circuit held that "no *mens rea* [was] required for the felon status element of the felon in possession statute." *See U.S. v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003).  Given that Petitioner's *Rehaif* claim was "novel" at the time of his direct appeal, the Court accordingly finds that Petitioner has demonstrated cause to excuse his failure to directly appeal.

ii.    Prejudice

In addition to showing cause, Petitioner must also demonstrate that he was prejudiced by the Government's alleged error in light of *Rehaif. See Massaro*, 538 U.S. at 504.  The Government argues that Petitioner is unable to show prejudice given that Petitioner was convicted for felony convictions on at least four (4) prior occasions and further admitted he had been convicted of a felony at the time he possessed the firearm. (Resp. 2255 Mot. 16:19–17:2).

1     To demonstrate prejudice, a defendant must show "a reasonable probability that his

2     conviction or sentence would have been different." *United States v. Lopez*, 577 F.3d 1053, 1060

3     (9th Cir. 2009) (quoting *Stickler v. Green*, 527 U.S. 263, 296 (1999)).  In the context of a guilty

4     plea, prejudice requires that a petitioner demonstrate "a reasonable probability that, but for [the]

5     errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v.*

6     *Lockhart*, 474 U.S. 52, 59 (1985).  "The actual prejudice prong of the procedural default

7     analysis requires a petitioner show 'not merely that the errors created a possibility of prejudice,

8     but that they worked to his actual and substantial disadvantage, infecting his entire proceedings

9     with error of constitutional dimensions.'" *United States v. Abundis*, No. 2-18-CR-00158-MMD-

10    VCF-1, 2020 WL 7029892, at *5 (D. Nev. Nov. 30, 2020) (citing to *Murray v. Carrier*, 477 US

11    at 478, 488 (1986)).

12    By the date that Petitioner allegedly committed the underlying offense, Petitioner was

13    convicted of ten (10) felony convictions, including: (1) battery by prisoner; (2) possession of a

14    controlled substance; (3) attempted burglary; (4) battery by prisoner; (5) resisting executive

15    officer; (6) manufacture/possession of a dangerous weapon; (7) possession of a firearm by

16    felon; (8) possession of ammunition; (9) battery by prisoner; and (10) criminal threats. (*See*

17    Presentence Report ("PSR") ¶ 138).  Petitioner's criminal history renders it nearly impossible

18    that Petitioner did not know, at the time of the offense, that he had been convicted of a crime

19    punishable by imprisonment for a term exceeding one year. *See United States v. Benamor*, 937

20    F.3d 1182, 1189 (9th Cir. 2019) (finding that "[a]t a minimum, the prior convictions for being a

21    felon in possession of a firearm and being a felon in possession of ammunition proved beyond a

22    reasonable doubt that Defendant had the knowledge required by *Rehaif*"); *see also Singh*, 979

23    F.3d at 727 ("[I]n a felon-in-possession prosecution under § 922(g)(1), the defendant must

24    know that his or her prior conviction was punishable by more than one year of imprisonment.)

25    (citing *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 988-90 (9th Cir. 2020).  Notably, in

1   August 2008, Petitioner was convicted of Possession of a Firearm by Felon, in addition to

2   Possession of Ammunition. (PSR ¶ 50).  Petitioner was sentenced to two (2) years in custody

3   with thirty (30) days credit on Count One—Possession of a Firearm by a Felon—and eight (8)

4   months custody, consecutive to Count One, on Count Two—Possession of Ammunition. (*Id.)*.

5   In addition, Petitioner acknowledged in his Plea Agreement that "[a]t the time [he] was in

6   possession of the firearm, he had been previously convicted of a crime punishable by a term of

7   imprisonment exceeding one year." (Plea Agreement 4:7–9).  As held in other courts in this

8   district, such evidence renders it implausible that Petitioner did not know at the time of the

9   underlying offense that he had been convicted of a crime punishable by imprisonment for more

10  than one year. *See United States v. Hill*, No. 2:13-cr-00367-JAD-VCF-1, 2021 U.S. Dist.

11  LEXIS 18552, at *7 (D. Nev. Feb. 1, 2021); *United States v. Lowe*, No. 2:14-CR-00004-JAD-

12  VCF, 2020 WL 2200852, at *1 (D. Nev. May 6, 2020) (cataloguing cases).  In light of

13  Petitioner's criminal history and his admission in his Plea Agreement, the Court accordingly

14  finds it implausible that Petitioner was prejudiced by *Rehaif*.

15                    iii.    Structural Error

16          Petitioner, however, suggests that the alleged constitutional violations are structural

17  errors, which do not require a showing of specific prejudice. (2255 Mot. 12:25–16:15).

18  Specifically, Petitioner argues that the defective indictment violated his Fifth and Sixth

19  Amendment rights. (*Id*. 12:24–16:15).  Additionally, Petitioner argues that his guilty plea was

20  involuntary given that Petitioner did not knowingly and intelligently plead guilty to all

21  necessary elements, which thereby violates his due process rights. (*Id*. 17:10–19:2).  The

22  Government, in response, argues that the alleged constitutional errors are harmless and further,

23  not structural errors. (Resp. 2255 Mot. 17:6–14).

24          "[C]ertain errors, termed structural errors, might affect substantive rights regardless of

25  their actual impact on an appellant's trial." *United States v. Marcus*, 560 U.S. 258, 263 (2010)

1   (citations omitted).  The Supreme Court, however, has "found an error to be 'structural,' and

2   thus subject to automatic reversal, only in a 'very limited class of cases.'" *Neder v. United*

3   *States*, 527 U.S. 1, 8 (1999) (citing to *Johnson v. United States*, 520 U.S. 461, 468 (1997)); *see*

4   *also United States v. Carter*, No. 2:20-cv-01059-HDM, 2021 U.S. Dist. LEXIS 23396, at *7

5   (D. Nev. Feb. 8, 2021) (noting that the Supreme Court has found structural error to include

6   "total deprivation of counsel, lack of impartial trial judge" but not "where the court instructed

7   on an invalid alternative theory of guilt, gave an instruction omitting an element of the offense,

8   or erroneously instructed the jury on an element").

9        The Ninth Circuit has not directly addressed whether a *Rehaif* error from an indictment

10   or plea colloquy is considered "structural."  Nevertheless, all but one of the circuits who have

11   considered this issue have concluded that it is not. *See United States v. Nasir*, 982 F.3d 144 (3d

12   Cir. 2020); *United States v. Coleman*, 961 F.3d 1024, 1030 (8th Cir. 2020); *United States v.*

13   *Payne*, 964 F.3d 652, 657 (7th Cir. 2020); *United States v. Lavalais*, 960 F.3d 180, 187 (5th

14   Cir. 2020); *United States v. Trujillo*, 960 F.3d 1196, 1207 (10th Cir. 2020); *see also United*

15   *States v. Watson*, 820 Fed. App'x 397, 400 (6th Cir. 2020) (unpublished disposition); *but see*

16   *United States v. Gary*, 954 F.3d 194, 206 (4th Cir. 2020).[5]  Recently, the Ninth Circuit, in an

17   unpublished decision, indicated that defective indictments in light of *Rehaif* are not structural

18   errors. *United States v. Jackson*, 2020 WL 7624842 at *1, n.1 ("Because the errors of which

19   Defendant complains are errors 'in the trial process itself' and not 'defect[s] affecting the

20   framework within which the trial proceeds,' this is not one of the 'rare situations' that mandates

21   a presumption of prejudice.") (citing *Neder v. United States*, 527 U.S. 1, 8 (1999)).

22

23

24   [5] Similarly, other courts in this district have followed the majority in the circuit split and have also declined to find that the Fifth and Sixth Amendment claims resulting from a defective indictment constitute structural errors. *See United States v. Smith*, No. 3:16-CR-00008-RCJ, 2021 U.S. Dist. LEXIS 34022, at *11 (D. Nev. Feb. 24,

25   2021); *United States v. Beale*, No. 2:17-cr-00050-JAD-CWH-1, 2021 U.S. Dist. LEXIS 18551, at *8 (D. Nev. Feb. 1, 2021); *United States v. Miller*, No. 3:15-cr-00047-HDM-WGC, 2020 U.S. Dist. LEXIS 230157, at *7 (D. Nev. Dec. 8, 2020).

1       Petitioner here does not provide persuasive evidence demonstrating that the alleged Fifth

2   Amendment, Sixth Amendment, and due process violations constitute structural errors.

3   Though neither the Supreme Court nor the Ninth Circuit have determined the narrow issue at

4   hand, the Ninth Circuit has determined that *Rehaif*'s reach is limited.  In *United States v.*

5   *Benamor*, the Ninth Circuit held that the *Rehaif* error did not affect the defendant's substantial

6   rights given that the defendant had been previously sentenced to a term of imprisonment

7   exceeding one year. *Benamor*, 937 F.3d at 1189.  Furthermore, the Supreme Court in *Neder v.*

8   *United States* generally held that a district judge's failure to instruct the jury on an offense

9   element did not amount to structural error. *Neder*, 527 U.S. 1, 25, 119 S. Ct. 1827, 144 L. Ed.

10  2d 35 (1999).  In light of these decisions and the majority circuit court decisions finding a

11  *Rehaif* error not structural, the Court finds that Petitioner's defective indictment and plea

12  colloquy are not structural errors.  Because Petitioner otherwise fails to demonstrate prejudice,

13  as discussed above, the Court accordingly finds that his claims are procedurally barred.

14      **D.  Exemption from *United States v. Tollett***

15      In addition, Petitioner contends that his claims are not barred by *United States v. Tollett*,

16  which precludes certain federal habeas challenges to pre-plea constitutional violations. (2255

17  Mot. 16:16–17:9).  Because Petitioner's claims are jurisdictional, Petitioner asserts that his

18  claims are thus exempted from *Tollett*. (*Id*. 17:2–9).  Not only are Petitioner's claims

19  procedurally barred, but the Court finds that his claims are also barred by *Tollett*.

20      In *Tollett v. Henderson*, the Supreme Court held that when a defendant pleads guilty, "he

21  may not thereafter raise independent claims relating to the deprivation of constitutional rights

22  that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and

23  intelligent character of the guilty plea . . . ." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

24  There is, however, a general exception, which "allows for constitutionally-based appeals—

25  despite an unconditional guilty plea—where the appeal, if successful, would mean that the

1    government cannot prosecute the defendant *at all*." *United States v. Chavez-Diaz*, 949 F.3d

2    1202, 1207 (9th Cir. 2020); *see, e.g.*, *Menna v. New York*, 423 U.S. 61, 62 (1975) (per curiam)

3    (holding double jeopardy exempted from *Tollett*); *Blackledge v. Perry*, 417 U.S. 21 (1974)

4    (holding vindictive prosecution exempted from *Tollett*); *Class v. U.S.*, 138 S. Ct. 798, 805

5    (2018) (holding constitutionality of criminal statute exempted from *Tollett*).

6         Here, Petitioner pleaded guilty, and the Court accepted his plea. (*See* Mins. Proceeding,

7    ECF No. 32).  In his plea agreement, Petitioner "knowingly and expressly waive[d] all

8    collateral challenges, including any claims under 28 U.S.C. § 2255." (Plea Agreement 9:14–

9    17).  Petitioner argues that his claims fall within a *Tollett* exemption because his claims are

10   jurisdictional and thereby, implicates the Government's power to prosecute him. (2255 Mot.

11   17:2–3).  Several courts in this district, however, have rejected this exact argument. *See United*

12   *States v. Abundis*, Case No. 2:18-cr-00158-MMD, 2020 WL 7029892, at *6 (D. Nev. Nov. 30,

13   2020) (finding that the *Rehaif* jurisdictional issue could have been remedied by a new

14   indictment and therefore, do not fall under the exception to *Tollett*); *United States v. Reynolds*,

15   No. 2:16-CR-00296-JAD-PAL-3, 2020 WL 5235316, at *3 (D. Nev. Sept. 2, 2020) (holding

16   that the "*Rehaif* issue is one of the type that could have been cured with a new indictment, so . .

17   . is not among the types of cases that are immune from the *Tollett* bar"); *United States v.*

18   *Boykins*, No. 3:18-cr-00029-LRH-CLB-1, 2021 U.S. Dist. LEXIS 1825, at *4 n.1 (D. Nev. Jan.

19   6, 2021).  Notably, Petitioner does not provide supporting authority demonstrating that the

20   alleged constitutional violations fall within a *Tollett* exemption.  In light of the decisions by

21   other courts in this district, the Court accordingly finds that Petitioner's additional claims are

22   barred by his guilty plea under *Tollett*.

23   //

24

25

1

2    **E.  Certificate of Appealability**

To proceed with an appeal of this Order, the Court must issue a certificate of

3   appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*,

4   435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52

5   (9th Cir. 2001).  This means that Petitioner must make "a substantial showing of the denial of a

6   constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

7   He bears the burden of demonstrating that the issues are debatable among jurists of reason; that

8   a court could resolve the issues differently; or that the questions are adequate to deserve

9   encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised by Petitioner with respect to whether they

10  satisfy the standard for issuance of a certificate of appealability, and determines that the issues

11

12  do not meet that standard. *See Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).[6]  Notably,

13  Petitioner does not request a certificate of appealability.  The Court therefore denies Petitioner a

14  certificate of appealability.

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22

23

_____

24  [6] Other courts in this district have similarly denied certificates of appealability in similar cases involving *Rehaif*.
*See, e.g., United States v. Beach*, No. 3:15-cr-00081-LRH-CLB, 2020 U.S. Dist. LEXIS 237377, at *8 (D. Nev.
Dec. 17, 2020); *United States v. Frazier*, No. 2:15-cr-00044-GMN-GWF-1, 2021 U.S. Dist. LEXIS 73688, at

25  *12 (D. Nev. Apr. 16, 2021); *United States v. Cooper*, No. 2:14-cr-00228-JAD-CWH-1, 2021 U.S. Dist. LEXIS
18525, at *11 (D. Nev. Feb. 1, 2021); *but see United States v. Black*, No. 2:15-cr-00271-APG-GWF, 2021 U.S.
Dist. LEXIS 46709, at *9 (D. Nev. Mar. 11, 2021).

1

IV.     **CONCLUSION**

2          **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct

3    Sentence under 28 U.S.C. § 2255, (ECF No. 72), is **DENIED**.

4          **IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

5          **DATED** this __26__ day of April, 2021.

6

7          _____

8          Gloria M. Navarro, District Judge
           United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25